UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE OLIVER CHAVEZ, | Case No. 1:25-cv-00142-KES-EPG (PC) |
| Plaintiff, | ORDER AUTHORIZING ISSUANCE OF SUBPOENA *DUCES TECUM* AND SETTING DEADLINES |
| v. | |
| U. REYES, *et al.*, | AND |
| Defendants. | ORDER DIRECTING CLERK TO SEND PLAINTIFF A COPY OF FORM AO 88B AND FORM USM-285 |

Plaintiff Jose Oliver Chavez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff filed the complaint commencing this action on February 4, 2025. (*Id.*).

On January 15, 2026, the Court screened Plaintiff's First Amended Complaint (ECF No. 13) and found that the case should proceed past screening on Plaintiff's Eighth Amendment failure to protect claim against Defendants U. Reyes, J. Cortez, and John Does, correctional officers at the California Substance Abuse Treatment Facility ("SATF") on November 30, 2022. (ECF No. 15 at 7). Plaintiff filed a Notice to Proceed on Cognizable Claims on February 17, 2026. (ECF No. 16). The Court ordered service of the First Amended Complaint (ECF No. 13) and Screening Order (ECF No. 15) under the Court's E-Service pilot program for civil rights cases by providing copies of relevant documents electronically to the California Department of Corrections and Rehabilitation (at times "CDCR") and the California Attorney General's Office. (ECF No. 17).

1

In response, the CDCR timely filed with the Court the "CDCR Notice of Intent to Not Waive Service" by Defendant U. Reyes and the Doe Defendants. (ECF No. 22). In the Notice, CDCR stated that SATF did not have a U. Reyes employed at the time of the described incident and that CDCR was unable to identify the Doe Defendants. (*Id.*)

To proceed against Defendant Reyes or the Doe Defendants, Plaintiff must identify and serve these Defendants or provide the U.S. Marshals Service with sufficient information to serve them. The Court will thus provide Plaintiff with an opportunity to seek information to learn Defendant U. Reyes' alternate address and the identity of the Doe Defendants. However, it remains Plaintiff's responsibility to identify and serve Defendant U. Reyes and all Doe Defendants.

Although Federal Rule of Civil Procedure 26(d)(1) generally provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," a party may do so "when authorized . . . by court order." Here, the Court finds good cause to permit Plaintiff to issue a subpoena duces tecum for the limited purpose of discovery of an alternate address and contact information for Defendant U. Reyes, along with information to identify each Doe Defendant, so that this case may proceed. *See Malibu Media, LLC v. Doe*, 319 F.R.D. 299, 305 (E.D. Cal. 2016) (noting that a court may permit, for good cause, early discovery to learn the identities of Doe defendants).

Accordingly, the Court will authorize the issuance of a subpoena *duces tecum* to seek documents from CDCR. The Clerk of Court is directed to send Plaintiff one copy of form AO 88B and one copy of form USM-285, to be completed by Plaintiff. When completing these subpoena forms, Plaintiff should only request documents that may assist him in identifying an alternate address and other relevant contact information for Defendant U. Reyes, along with documents to learn the identity of each Doe Defendant.

On the AO 88B form, in the section that beings with "To: (Name of person to whom this subpoena is directed)," Plaintiff should identify the person or entity he is seeking the documents from. Because Plaintiff is seeking information about employees at SATF, the California Department of Corrections and Rehabilitation appears to be the logical recipient of the subpoena.

In the blank space between the lines starting with "production" and "place," Plaintiff should identify the documents he is seeking that would assist him in identifying and serving Defendant U. Reyes and the Doe Defendants, such as any documents related to current home or mailing address of U. Reyes or other relevant contact information and any documents related to identities of the people matching the descriptions of the Doe Defendants, or photos, names, and addresses of the officers on duty the day of the alleged incident.

The "place" and date and "time of the production" boxes refer to the date on which the documents should be produced to the Plaintiff and the address of where the documents should be sent, such as the place of his incarceration or his residence.

Plaintiff should **not** fill out Proof of Service section of the AO 88B form, it will be completed by the U.S. Marshals after they serve the subpoena. Similarly, Plaintiff should not fill out the section of the USM-285 form that is marked "Space Below for Use of U.S. Marshal Only – Do Not Write Below this Line."

The "Serve At" Section on the USM-285 form should match "To:" section on the AO 88B form, providing the name and address of the person or entity to whom subpoena is directed, such as California Department of Corrections and Rehabilitation.

Once Plaintiff has completed and returned forms AO 88B and USM-285, the Court will review the documents and, if they are correctly completed, the Court will direct the United States Marshals Service to serve the subpoena.[1] The Court notes that it may limit Plaintiff's request for production of documents.

Plaintiff has 120 days from the date of this order, until July 27, 2026, to serve Defendant U. Reyes and each Doe Defendant with summons and First Amended Complaint. Failure to identify the Doe Defendants and serve those defendants will result in the dismissal without prejudice of Defendant U. Reyes and the unidentified defendants.

Accordingly, **IT IS ORDERED** that:

1. The Clerk of Court is directed to send Plaintiff one copy of form AO 88B and one copy of form USM-285;

---

[1] If after being served with the subpoena, the California Department of Corrections and Rehabilitation fails to respond or objects to providing documents, Plaintiff may file a motion to compel. The motion must be filed with the Court and served on the responding person or entity.

2. Plaintiff has **30 days** from the date of service of this order to complete and return forms AO 88B and USM-285; and

3. Plaintiff has **120 days** from the date of this order, until **July 27, 2026**, to serve Defendant U. Reyes and each Doe Defendant with summons and First Amended Complaint. **Failure to serve Defendant U. Reyes and identify and serve each Doe Defendant by this deadline will result in the dismissal of Defendant U. Reyes and the Doe Defendants from this action.**

IT IS SO ORDERED.

Dated:   **March 27, 2026**          /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE